UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHNATHAN M. YOUNG,<br><br>        Petitioner,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, DOE AGENCIES<br>1-10; and ROE CORPORATIONS 1-10,<br>inclusive,<br><br>        Defendants. | 2:10-CV-00517-LRH-LRL<br><br>ORDER |

Before the court is Plaintiff Johnathan M. Young's ("Plaintiff") Motion to Remand (#10[1]) filed on May 12, 2010. Defendant American Family Mutual Insurance Company ("Defendant") filed an opposition (#13) to which Plaintiff replied (#14).

**I.  Facts and Procedural History**

Plaintiff filed an action in state court against Defendant, alleging various breach of contract claims relating to Plaintiff's underlying motorist insurance coverage. Defendant removed the action to federal court based on diversity jurisdiction (#1). Thereafter, Plaintiff filed the present motion to remand arguing that Defendant is a citizen of Nevada, and therefore, there is not complete diversity between the parties.

---

[1] Refers to the court's docket entry number.

## II. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). The district courts of the United States have "original jurisdiction" where there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

Removal may be challenged by motion. 28 U.S.C. § 1447(c). An action may be remanded to state court either for lack of subject matter jurisdiction or for any defect in the removal process. *Id.* "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566. On a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996); *Gaus*, 980 F.2d at 566-67.

## III. Discussion

For purposes of jurisdiction, a corporation is "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting 28 U.S.C. § 1332(c)(1)). Here, Plaintiff seeks remand of this case, arguing that Defendant is a non-diverse defendant domiciled in Nevada because Nevada is the corporation's principal place of business. In opposition, Defendant contends its domicile is in Wisconsin because Wisconsin is both its state of incorporation and principal place of business.

2

To determine a corporation's principal place of business, the court applies one of two tests: (1) the place of operations test; and (2) the nerve center test. *See Montrose Chem. Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (citation omitted). Under the place of operations test, "a corporation's principal place of business is the state in which it performs a 'substantial predominance' of corporate operations." *Id*. Under the nerve center test, "a corporation's principal place of business is the state in which the executive and administrative functions are performed." *Id.*

When a corporation has operations spread across many states, the nerve center test is the correct approach. *Davis v. HSBC Bank Nev.*, 557 F.3d 1026, 1029 (9th Cir. 2009) (quoting *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) ("May Company has corporate operations in over thirty states.  Because no one state contains a substantial predominance of the corporation's business activities, the place of operations test is inappropriate.")). Here, Defendant has regional offices in 17 states, spread throughout the United States. (Mot. Remand (#10) 5.) Therefore, the court shall apply the nerve center test to determine Defendant's corporate citizenship.

Applying the nerve center test, the court finds that Defendant's executive and administrative functions are performed in Wisconsin.  Defendant is headquartered in Wisconsin, and the majority of Defendant's 7,959 employees live and work in Wisconsin, including Defendant's Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, Chief Legal Officer and Chairman of the Board.  (Opp'n Mot. Remand (#13), Wenzel Aff. ¶¶ 3, 5.)  Moreover, the policies and procedures integral to Defendant's business operations are reviewed, vetted, and enforced in Wisconsin, and Defendant's board of directors meets in Wisconsin on a quarterly basis.  (Wenzel Aff. ¶¶ 6, 7.)  Thus, Defendant is a citizen of Wisconsin, and Defendant's removal based upon diversity jurisdiction was appropriate.  Accordingly, the court shall deny Plaintiff's motion to remand.

1    IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (#10) is hereby
2 DENIED.
3    IT IS SO ORDERED.
4    DATED this 22nd day of June, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4